```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
In re:                                          E.D. Bankr. Case No.
                                                896-80189-478

RICHARD A. SMITH,                               MEMORANDUM & ORDER
                                                09-CV-508 (JS)
                                                04-CV-1815 (JS)
                Debtor.
-------------------------------X
APPEARANCES:
For Movants:              Thomas J. McGowan, Esq.
                          Meltzer, Lippe, Goldstein &
                          Breitstone, LLP
                          190 Willis Avenue
                          Mineola, New York 11501

For Former Chapter 7      Anthony Acampora, Esq.
Trustee, Kenneth P.       Silverman Acampora, LLP
Silverman:                100 Jericho Quadrangle, Suite 300
                          Jericho, New York 11753

For Surety                David Westermann, Jr., Esq.
Liberty Mutual            Westermann, Hamilton, Sheehy, Aydelott
Insurance Company:        & Keenan, LLP
                          100 Quentin Roosevelt Blvd., Suite 502
                          Garden City, New York 11530
```

SEYBERT, District Judge:

## INTRODUCTION

Presently pending before the Court is an Order to Show Cause, which was filed on February 9, 2009 by a former debtor, Richard A. Smith (the "Debtor"), his wife, Nelsi A. Smith ("Nelsi"), and his sister, Carole Ann Caruso ("Carole") (collectively referred to as the "Movants"). In essence, despite their claims to the contrary, the Movants seek an expedited reversal of the January 26, 2009 Order of Bankruptcy Judge Dorothy Eisenberg ("January 26 Order") denying their motion to reopen the previously closed bankruptcy case. For the following reasons,

Movants' Emergency Motion is DENIED.

BACKGROUND[1]

On January 12, 1996 the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "Code"). After approximately ten years, the bankruptcy case came to a close: On February 7, 2007 the Trustee filed a no-asset report, and the case was closed on February 13, 2007. The Final Decree was signed that same day, and the Chapter 7 Trustee, Kenneth P. Silverman, Esq. ("Trustee"), was discharged. Nearly a year and a half later, on July 2, 2008, the Movants filed a motion to reopen the Debtor's Chapter 7 case in order to commence an adversary proceeding against the discharged Trustee's Counsel for malpractice due to the Trustee's alleged failure to take action on certain causes of actions held by the Debtor's estate. On July 10, 2008, Judge Eisenberg denied that motion due to the failure of the Movants to establish privity with the Chapter 7 Trustee's counsel; Movants did not appeal that decision. Subsequently, the Movants sought to reopen the Chapter 7 case in order to proceed with an adversary proceeding for malpractice against the former Chapter 7 Trustee, both personally and on his bond, due to alleged breaches of his

---

[1] This case spans approximately ten years. Thus, for the sake of brevity, the Court will not discuss all of the facts at length. For a more complete discussion of the factual and procedural history of this case, see Judge Eisenberg's January 26 Order.

2

fiduciary duty and negligence in the performance of his duties.[2]

In response, the Trustee argued that the New York statute of

---

[2] On July 11, 1990, approximately five and a half years prior to the filing of any bankruptcy petition, Debtor and his wife, Nelsi, brought a dissolution and accounting action (collectively the "Dissolution Action") against Meadow Mechanical Corp. ("Meadow"). The Debtor had a twenty-two and one-half (22.5%) and Nelsi had a five (5%) percent ownership interest in Meadow. The Dissolution Action was commenced because the Debtor had been removed from his position as President of Meadow by the then Meadow shareholders. Movants believe that, after removing the Debtor, the shareholders of Meadow conveyed assets, business, and business opportunities of Meadow to a new business that they incorporated called Fresh Meadow Corporation ("Fresh Meadow"). These actions, Movants argue, gave rise to a variety of claims against Fresh Meadows and its shareholders.

In related proceedings that occurred in October 2006, the State Court held that the statute of limitations on the causes of action expired in 2000, which was two-and-a-half years after the Trustee had been appointed and prior to the Trustee's settlement motion. The State Court's ruling noted that the claim for breach of fiduciary duty against the Meadow shareholders was barred by N.Y. C.P.L.R. § 214 (4), and the fraudulent conveyance claim was barred by N.Y. C.P.L.R. § 213 (1). Up until the state court decision, no one, including the Debtor and Debtor's counsel, was aware that the statute of limitations had run, and no one advised the Trustee of that fact beforehand. In the January 26 Order, Judge Eisenberg also noted that even the Fresh Meadow defendants could not have been aware that the statute of limitations had run, else they would not have offered to settle the action several years later.

The Movants allege that the Trustee failed to investigate and preserve several claims that the Debtor had against Fresh Meadow, and that the Trustee's failure to do so constituted a breach of his fiduciary duty and negligence. Specifically, Movants assert that the Trustee failed to bring: (1) a lawsuit against the trustee's former counsel in this Chapter 7 case, who were terminated in 1999; (2) a claim against the shareholders of Meadow for their alleged fraudulent conveyance of business assets of Meadow to Fresh Meadow; (3) another claim against the shareholders of Meadow for a breach of their fiduciary duties that they owed to Meadow as a result of the alleged fraudulent conveyances made to Fresh Meadow; and (4) an action to collect on a promissory note from Meadow to the Debtor.

limitations bars the Movants' suit. The Trustee's position is that the statute of limitations on the underlying claims against Meadow ended in December 2000, and therefore the proposed breach of fiduciary duty and negligence claims against him had run as of December 2003.

In the January 26 Order, Judge Eisenberg held that, under the circumstances, reopening the case would be inappropriate:

> the [Movants' proposed] complaint could not withstand a motion to dismiss[,] and there cannot be any relief afforded to the Movants or this Debtor's estate. The only reason offered by the Movants to reopen this case at this time is to examine into the acts of the Trustee in order to fish for evidence to support the Movants' unproven allegations of wrongdoing in spite of all statutes having run. Such a fishing expedition was available to Movants for over 10 years. To allow this case to be reopened on this basis would be a waste of the parties' and the Court's time and resources. Thus, the Court, in exercising its rightful discretion, denies the Movants' motion to reopen the Debtor's bankruptcy case.

(January 26 Order at 19).

Nevertheless, Movants maintain that Judge Eisenberg made several errors in her analysis. According to the Movants, the statute of limitations applicable to Movants' claims against the trustee's bonds will expire on Friday, February 13, 2009, but Judge Eisenberg overlooked that argument because "the Former Trustee and his counsel regularly appear before Judge Eisenberg, [and thus] it is clear . . . that that Court will always be reluctant to grant Movants any relief with respect to the Proposed Action." (Movs.'

Emergency Mot. 8-9). On their current motion, Movants will not be granted relief from this Court either.

DISCUSSION

In deciding whether to grant a stay pending appeal pursuant to Bankruptcy Rule 8005, a district court must consider the following factors: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." In re Albicocco, No. 06-CV-3409, 2006 U.S. Dist. LEXIS 65359, at *2-3 (E.D.N.Y. Sept. 13, 2006) (quoting Hirschfeld v. Bd. of Elections in the City of N.Y., 984 F.2d 35, 39 (2d Cir. 1993) (quoting Dubose v. Pierce, 761 F.2d 913, 920 (2d Cir. 1985)). The Second Circuit has yet to expressly rule on whether these factors should be considered on balance or whether all four elements must be satisfied, and courts in this Circuit have ruled both ways. See In re Adelphia Commuc'n Corp., 361 B.R. 337, 347 (S.D.N.Y. 2007) (noting the rift among the district courts but using the balancing of factors standard); In re Albicocco, 2006 U.S. Dist. 65359, at *3-4 n.2 (collecting cases but not deciding because even under the more generous balancing standard the stay would be denied). It is clear, however, that the movant bears the burden of proving that a stay should be granted, In re Albicocco,

5

2006 U.S. Dist. 65359, at *3, and stays pending an appeal are only granted in limited circumstances, <u>In re Aston Baker</u>, No. 05-CV-3487, 2005 U.S. Dist. LEXIS 36969, at *10-11 (E.D.N.Y. Aug. 31, 2005). The situation now before the Court is not one of those limited circumstances.

Currently, Movants cannot file a new complaint against the trustee. In essence, Movants are asking this Court to allow them to file a new complaint, but in order to do this, the Movants do not need anything stayed pursuant to Bankruptcy Rule 8005. In reality, Movants need this Court to "hurry up" and reverse Judge Eisenberg's January 26 Order. Requesting such relief, however, is truly inappropriate here, where Movants have had years, not days, to seek the relief they are requesting. The Court will address Movants arguments when they are brought properly to this Court, on appeal; upon its initial review of Judge Eisenberg's January 26 Order, the Court notes that reversal is unlikely on appeal.

<u>CONCLUSION</u>

For the foregoing reasons, Movants' Emergency Motion is DENIED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February  12 , 2009